## MEAD, MASON & CO. *v.* EDWIN C. WATSON.

### *Statute of Frauds.    Prospective Guaranty.*

The guaranty of a future liability is within the statute; thus, C., a son-in-law of the defendant, was about to erect a house, and wished to purchase doors, windows, &c., for the same.    For this purpose the two went to the plaintiffs' place of business, had a conversation with them,  and the result was, the articles were delivered from time to time to C., on his order, and charged to him.    The referee found that the plaintiffs understood  "that whatever C. ordered, the defendant would guarantee the payment of," and would not have sold except for such understanding.    But later on in the report, it was found that the "plaintiffs understood that they were to collect the same of C., if possible, and that the defendant was only liable to pay the same in case " it could not be collected of C.;   *Held,* that the defendant's contract was collateral to that of C., and, therefore, within the statute, although prospective.

ASSUMPSIT.    Heard on a referee's report, December Term, 1884, TAFT, J., presiding.    Judgment for the plaintiffs. The referee found, that the plaintiffs were dealers in doors, windows, and materials for house furnishing; that the defendant, who was known to be responsible, introduced Cameron to the plaintiffs;  that the house, for which the articles were purchased, was situated on the defendant's land; that the understanding was, that when the house was completed, it was to be deeded to Cameron's wife; that Cameron abandoned the house before it was completed, and it was finished by the defendant, who retained the title; that the defendant's contract with the plaintiffs was by parol.    The other facts are sufficiently stated in the opinion and head note.

*S. M. Pingree,* for the plaintiffs.

*T. O. Seaver,* for the defendant.

The opinion of the court was delivered by

POWERS, J. The referee says the plaintiffs understood " that whatever Cameron ordered for said house of the plaintiffs the defendant would guarantee the payment of," and the plaintiffs " would not have sold said articles to Cameron except for this understanding that the payment was guaranteed by the defendant." Later on he says, "those articles were all charged to Cameron on plaintiffs' books; and plaintiffs understood that they were to collect the same of said Cameron, if possible, and that the defendant was only liable to pay the same in case the plaintiffs were unable to make collections of Cameron."

The contract of the defendant, therefore, was collateral to the contract of Cameron.

It is true that no debt existed against Cameron when the defendant's promise was made. But the defendant only promised to be responsible for a *future* debt. His promise could only attach to the principal obligation of Cameron, when that obligation came into force. The defendant did not promise to pay primarily, but only in case the plaintiff failed to collect of Cameron.

If the future primary liability of a principal is contemplated as the basis of the promise of a guarantor, such promise is within the Statute of Frauds, precisely as it would be if the liability existed when the promise was made. Brandt Sur. s. 61; Browne St. Fr. s. 162; *Matson* v. *Wharam*, 2 Term, 80.

Judgment reversed, and judgment on the report for defendant.